**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LINQ INDUSTRIAL FABRICS, INC.,**

    Plaintiff,

v.                                                              Case No.  8:03-cv-528-T-30MAP

**INTERTAPE POLYMER CORP., et al.,**

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Linq Industrial Fabrics, Inc.'s Motion in Limine to Preclude Defendants From Introducing Certain Evidence Regarding Invalidity Identified in the Pre-trial Statement (Dkt. #139), Plaintiff Linq Industrial Fabrics, Inc.'s Memorandum in Support of Its Motion in Limine to Preclude Defendants From Introducing Certain Evidence Regarding Invalidity Identified in the Pretrial Statement (Dkt. #141-1), Defendants' Memorandum in Opposition to Plaintiff's Motion to Preclude Defendants From Introducing Certain Evidence Regarding Invalidity (Dkt. #144-1), Defendants' Request to Withdraw Certain Portions of its Opposition to Plaintiff's Motion to Preclude Defendants From Introducing Certain Evidence Regarding Invalidity (Dkt. #161), Defendants' Memorandum in Support of Request to Withdraw Certain Portions of Opposition to Plaintiff's Motion to Preclude Defendants From Introducing Certain Evidence

Regarding Invalidity (Dkt. #162), and Plaintiff Linq Industrial Fabrics, Inc.'s Response to Defendants' Request to Withdraw Certain Portions of its Opposition to Plaintiff's Motion to Preclude Defendants From Introducing Certain Evidence Regarding Invalidity (Dkt. #164). The Court, having considered the motions, responses, memoranda, and being otherwise advised in the premises, finds that Plaintiff's motion in limine should be granted in part and denied in part as stated herein.

On March 13, 2006, Plaintiff filed a motion in limine to preclude Defendant from introducing certain evidence at trial identified by Defendant in the Joint Pretrial Statement regarding invalidity of U.S. Patents Nos. 5,478,154 ("the '154 patent"), 5,679,449 ("the '449 patent") and 6,112,772 ("the '772 patent"), relating to anticipation, obviousness, various defenses under 35 U.S.C. §112, and double patenting.

On March 21, 2006, Defendants filed a memorandum in opposition to Plaintiff's motion in limine. However, on April 11, 2006, Defendants filed a request to withdraw certain portions of its opposition to Plaintiff's motion in limine. Specifically, Defendants requested permission to withdraw the portion of its opposition as to Defendants' defenses of invalidity based on anticipation and obviousness. According to Defendants memorandum in support of its request to withdraw portions of its opposition, on April 11, 2006, Defendants filed with the U.S. Patent and Trademark Office a request for re-examination of the '154 patent. Furthermore, Defendants expressed an intention to file requests for re-examination

of the '449 patent and '772 patent within the week.  Defendants also represented that the re-examination proceedings will address matters of prior art only.

In Defendants' request to withdraw, Defendants reiterated its opposition to Plaintiff's motion to preclude the introduction of evidence regarding invalidity based on the issue of enablement.  Nevertheless, the Court has already ruled as a matter of law in its Order upon Defendants' Dispositive Motion for Summary Judgment (Dkt. #121) that the patents in question sufficiently enabled a person skilled in the art to make and use the invention at issue.[1]

Accordingly, this Court finds that Plaintiff's motion in limine to preclude Defendants from introducing certain evidence at trial should be granted as to the issues of anticipation, obviousness, and enablement, but denied in all other respects.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff Linq Industrial Fabrics, Inc.'s Motion in Limine to Preclude Defendants From Introducing Certain Evidence Regarding Invalidity Identified in the Pre-trial Statement (Dkt. #139) is GRANTED IN PART AND DENIED IN PART as stated herein.

---

[1] The Court finds it interesting that Defendants would attempt to argue an enablement issue given their present stance that the "invention" was so obvious that it was not an invention at all (the argument that Defendants are apparently now presenting by their request for re-examination by the patent office).

2. Defendants' Request to Withdraw Certain Portions of its Opposition to Plaintiff's Motion to Preclude Defendants From Introducing Certain Evidence Regarding Invalidity (Dkt. #161) is GRANTED.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2003\03-cv-528.mt limine invalidity.wpd