IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TEXENE LLC

    Plaintiff

v.

INTERTAPE POLYMER CORP., and

INTERTAPE POLYMER
MANAGEMENT CORP.,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 8:03-CV-528-T-30MAP

Judge Moody

## FINAL JUDGMENT AND AGREED-UPON INJUNCTION

The Court, finding that:

i) Texene LLC ("Texene"), successor in interest to LINQ Industrial Fabrics, Inc., ("LINQ"), Intertape Polymer Corp. and Intertape Polymer Management Corp. (which has been merged into Intertape Polymer Corp.), (together, "Defendants" or "Intertape") are presently parties to the captioned lawsuit involving claims relating to U.S. Patents Nos. 5,478,154, 5,679,449, and 6,112,772 ("the Texene Patents");

ii) after a jury trial was held in this Court in April 2006, Defendants were found liable for infringing the Texene Patents and the Texene Patents were determined to be valid on the issues tried;

iii) on May 2, 2006, this Court entered Partial Final Judgment in favor of LINQ as to liability;

iv) on June 8, 2006, this Court entered Amended Partial Final Judgment in favor of LINQ as to liability on infringement;

v) the Court of Appeals for the Federal Circuit entered judgment affirming this Court's proceedings in a Per Curiam Order dated February 9, 2007;

vi) the damages and willful infringement phase of this action is set for scheduling by this Court;

and that

vii) the Parties desire to fully settle the remaining issues and any claims against one another in the lawsuit and consent to the entry of this Final Judgment and Agreed-Upon Injunction:

It is hereby ORDERED, ADJUDGED and DECREED that Defendants and their directors, officers, agents, servants, attorneys, and all persons or entities controlled by them, controlling them, or related to them as a corporate affiliate, and any other persons who are in active concert or participation with Defendants who receives actual notice of this Final Judgment, are hereby enjoined, until June 1, 2015, from:

1.      making, using, selling, offering to sell, or importing into the United States, Nova-Stat fabric and/or Nova-Stat flexible intermediate bulk containers ("FIBCs"); and

2.      challenging the validity and/or enforceability of any of the Texene Patents or assisting any third party, in any way, in any venue, in attempting to do so, including but not limited to, the filing of Requests for Reexamination in the U.S. Patent and Trademark Office ("the PTO") with regard to the LINQ Patents.

2

It is further hereby ORDERED, ADJUDGED and DECREED that Defendants and their directors, officers, agents, servants, attorneys, and all persons or entities controlled by them, controlling them, or related to them as a corporate affiliate, and any other persons who are in active concert or participation with Defendants who receives actual notice of this Final Judgment, shall, within fifteen days of the Effective Date of the Final Settlement Agreement, destroy, or have destroyed any and all Nova-Stat fabric and/or Nova-Stat FIBCs in its possession, or which thereafter comes into its possession.  Alternatively, subject to Texene's prior approval, Defendants may render any such Nova-Stat into a form that destroys its anti-static capabilities so that it is no longer suitable for use as a Type D Technology article and can no longer be sold for an application that requires Anti-Static capabilities or function.

This 18 day of _Oct._, 2010

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE